## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

RICHARD GILLIAM,                                                          PLAINTIFF
#209415

v.                                          4:19CV00772-BSM-JTK

MARGIE GRIGSBY                                                          DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District
Judge Brian S. Miller. Any party may serve and file written objections to this
recommendation.   Objections should be specific and should include the factual or legal
basis for the objection. If the objection is to a factual finding, specifically identify that
finding and the evidence that supports your objection. An original and one copy of your
objections must be received in the office of the United States District Court Clerk no later
than fourteen (14) days from the date of the findings and recommendations. The copy will
be furnished to the opposing party. Failure to file timely objections may result in waiver of
the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,
or additional evidence, and to have a hearing for this purpose before the District Judge, you
must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I.      Introduction

Plaintiff Richard Gilliam, an inmate incarcerated at the Lonoke County Detention Facility (Jail), filed this pro se action pursuant to 42 U.S.C. § 1983, alleging sexual harassment by Defendant. (Doc. No. 2)

This matter is before the Court on Defendant's Motion for Summary Judgment, Brief in Support, and Statement of Facts (Doc. Nos. 21-23). Plaintiff did not respond, and by Order dated August 19, 2020, this Court cautioned Plaintiff that his failure to respond to the Motion within fifteen days of the date of the Order would result in either all the facts

set forth in the Motion being deemed admitted by him, or dismissal of the action, without prejudice, for failure to prosecute (Doc. No. 24). As of this date, Plaintiff has not responded to the Motion.

## II.    Complaint

Plaintiff alleged Defendant Grigsby came to his cell on August 8, 2019, grabbed his genitals, and spoke lewdly to him. (Doc. No. 2, p. 4) Although he filed a "PREA" complaint, Defendant continued to work in his area and on September 17, 2019 "caressed" his face with both her hands in a sexual way. (Id., p. 5) Plaintiff claimed Defendant continued to provoke, antagonize and harass him and that she previously was fired from the jail for the same type of actions. (Id., p. 6) Plaintiff requested damages and injunctive relief in the form of Defendant's termination. (Id., p. 7)

## III.    Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in

the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e)(2).

In light of the Plaintiff's failure to respond to the Motion and to offer a dispute of the facts asserted by Defendant, the Court hereby finds that the facts set forth by Defendant (Doc. No. 23) are undisputed for purposes of the Motion and recommends that summary judgment be granted as a matter of law. See FED.R.CIV.P. 56(e)(2), (3). An official may be sued in his individual capacity or official capacity, or both, in actions filed pursuant to § 1983. In order to ensure proper notice of liability, the United States Court of Appeals for the Eighth Circuit requires that plaintiffs specifically plead the capacities in which they are suing the defendants. Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). See also Andrus v. Arkansas, 197 F.3d 953, 955 (8th Cir. 1999). In this particular case, Plaintiff checked the box on the Complaint form which indicated that he sued Defendant in her

4

official capacity only. (Doc. No. 2, p. 2)    However, official capacity claims are considered to be claims against the County employer (Lonoke County), which cannot be held liable unless Plaintiff alleges that a county policy or custom, or a pattern of widespread unconstitutional conduct caused him harm.   Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990).

As noted by the Defendant, "it is well established that a municipality cannot be held liable on a respondeat superior theory, that is, solely because it employs a tortfeasor." Atkinson v. City of Mountain View, Mo., 709 F.3d 1201, 1214 (8th Cir. 2013) And a County is liable only when the allegedly unconstitutional acts of its officials implement or execute an unconstitutional county policy or custom. Doe v. Washington County, 150 F.3d 920, 922 (8th Cir. 1998). In this case, however, Plaintiff does not allege an unconstitutional policy or practice at issue. According to the Affidavits of Sheriff John Staley and Jail Administrator Kristie Flud, the Jail policies prohibit any sexual conduct by staff or inmates and allegations of sexual misconduct are fully considered and investigated. (Doc. Nos. 23-1, 23-5) Although Defendant was terminated in May 2018, she was not terminated due to allegations of sexual misconduct, and was rehired in mid-July 2019. (Doc. No. 23-5, p. 2) Grigsby remains employed by the Lonoke County Sheriff's Office, but is currently furloughed due to the financial impact of the COVID-19 pandemic. (Id.) According to Jail records, Plaintiff's allegation against Defendant was investigated and later was terminated due to Plaintiff's failure to respond to questions asked by the investigator. (Doc. No. 23-3, p.2)

Therefore, because Plaintiff failed to respond or otherwise dispute the facts set forth in Defendant's Motion, the Court finds that Plaintiff's monetary claims against her in her official capacity should be dismissed. As to the injunctive relief sought, Plaintiff asked for termination of Defendant and criminal charges against her. Yet, the undisputed facts establish that the allegations against Defendant were investigated and determined to be "unfounded" (Doc. No. 23-3, p. 2), and Defendant was never found to have engaged in sexual conduct with Plaintiff or other inmates in the Jail. (doc. No 23-5, p. 2)

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that Defendant's Motion for Summary Judgment (Doc. No. 21) be GRANTED, and Plaintiff's Complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 18th day of September, 2020.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE